**FILED**

September 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS
AT KNOXVILLE

HAROLD GOAD                )        SCOTT COUNTY
                                              )        03A01-9812-CV-00397
    Plaintiff-Appellee          )
                                              )
                                              )
    v.          )        HON. CONRAD TROUTMAN,
                                              )        JUDGE
                                              )
SHARON SIMONTON and    )
ALLSTATE INSURANCE COMPANY        )
                                              )
    Defendants-Appellant    )        AFFIRMED AND REMANDED

KENNETH W. WARD OF KNOXVILLE FOR APPELLANT

CHARLES B. SEXTON OF ONEIDA FOR APPELLEE

O P I N I O N

Goddard, P.J.

In this case, Harold Goad sues Sharon K. Simonton, seeking damages for personal

injuries received by him as a result of a vehicular accident occurring on or about July 19, 1996.

Although not shown in the record, it appears from the briefs of the parties that process was issued and served upon Allstate Insurance Company, the uninsured and underinsured insurance carrier of Mr. Goad.

Ms. Simonton never filed an answer, but Allstate did, in which it admitted having uninsured and underinsured motorist coverage in the amount of $25,000.00/$50,000.00.

The jury returned a verdict in favor of Mr. Goad in the amount of $39,500 against Defendants Sharon Simonton and Allstate and a judgment was entered in that amount, which was later reduced by agreement to $25,000 as to Allstate.

Allstate appeals, contending that the Trial Court was in error in not granting its motion for directed verdict made at the conclusion of all the proof. Allstate's motion was predicated upon the proposition that Mr. Goad had not shown that Ms. Simonton was either uninsured or underinsured. In this connection we note that the complaint makes no allegations regarding the uninsured motorist coverage. However, the answer of Allstate "demands strict proof that the named defendant, Sharon K. Simonton, was uninsured or underinsured within the meaning of its policy."

Thereafter, by post-trial motion, Allstate sought entry of a judgment in accordance with its motion for a directed verdict.

In ruling on the post-trial motions the Trial Court by letter to counsel stated the following:

After reviewing the file in this matter, I am of the opinion that the motion filed by the Defendant should be denied. On the 13th of April, 1998, the Defendant filed an offer of Judgment for $15,000.00 in this case. I feel the legal effect of the same left the only issue before the jury being the amount of the damages to which the Plaintiff would be entitled.[1]

Please prepare an order accordingly.

While the offer of judgment was not before the jury, there is proof in the record and, indeed, conceded in the Appellant's brief that Allstate paid property damage to Mr. Goad under its uninsured motorist coverage. We believe the payment of property damage, coupled with the fact that Ms. Simonton was not present nor represented at trial, raises a reasonable inference that Allstate was conceding Ms. Simonton was uninsured. In indulging this reasonable inference, to which Mr. Goad was entitled on motion for a directed verdict,[2] we find the Trial Court acted properly in overruling the motion in the first instance and in denying the motion to alter.

Parenthetically, we point out that the overruling of the motion for directed verdict did not resolve the issue, as seemed to be assumed for counsel for Allstate, but rather made it a question for the jury to resolve. Counsel for Allstate, however, did not request jury instructions relative to this issue and the trial proceeded as if the only Defendant was Ms. Simonton.

In reaching our conclusion we are not unmindful of T.C.A. 56-8-105, relied upon by Allstate, which, as pertinent, provides the following:

**56-8-105. Advance payments of claims.--** (a) In any action in which a person has made any payments to or on behalf of any claimant prior to trial, such payments shall not be construed as an admission of liability by such person in any action brought to recover for personal injuries or for damage to property.

We do not believe this Code Section addresses the issue before us because the question raised is not one of liability but one of coverage and, consequently, it is irrelevant.

Before concluding, we observe that counsel, in oral argument, pointed out that whether Ms. Simonton was insured could be easily determined by contacting the proper State authorities. Counsel, however, represented that he had not attempted to ascertain this fact. In any event, it seems to

us that, when the question could be easily determined, in the interest of fairness to its own policyholders who pay it premiums, Allstate should have made the determination and, if Ms. Simonton was in fact insured, produced the evidence at trial.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Allstate and its surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.